IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY R. KENDIG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-326E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| NICHOLAS STOLAR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion to Dismiss (Doc. 10) will be granted, and Counts II and V of the Complaint (Doc. 1) will be dismissed with prejudice.

Plaintiff has brought this Section 1983 action against Defendant, an officer with the Pennsylvania State Police. Doc. 1 at ¶¶ 5-6. Plaintiff alleges that, as he was exiting a tavern in the early morning hours of October 13, 2020, he was confronted by a group of intoxicated assailants. *Id.* at ¶¶ 8, 10-11. Plaintiff, who is licensed to carry a firearm, defended himself with his weapon, fatally shooting one of the assailants. *Id.* at ¶¶ 7, 17, 21. Plaintiff was arrested and charged, and he complains that Defendant failed to gather evidence regarding self-defense, and likewise neglected to charge his assailants. *Id.* at ¶ 23, 28.

Plaintiff has brought claims for malicious prosecution (Count I), false arrest (Count III) and false imprisonment (Count IV), none of which are challenged in Defendant's Motion. The only claims presently at issue, then, are those for reckless investigation (Count II) and equal protection under the "class of one" theory (Count V). *See* Doc. 10.

Plaintiff's reckless investigation claim fails. The Court of Appeals for the Third Circuit has "never recognized an independent due process right to be free from a reckless investigation."

Harvard v. Cesnalis, 973 F.3d. 190, 207 (3d Cir. 2020).  To the extent that such a claim may be actionable under the Fourth Amendment,[1] the law is settled:  officers are entitled to qualified immunity.  *Id.* at 208 n.9; *accord* Kramer v. City of Pittsburgh, 2020 WL 5797940, at *2 (W.D. Pa. Sept. 29, 2020) (Bissoon, J., holding same).  A claim for reckless investigation has become no more "clearly established," prior to the investigation in this case or since.  Defendant is entitled to qualified immunity, and the claim will be dismissed with prejudice.

       Plaintiff's equal protection claim likewise fails.  Where, as here, a plaintiff does not allege differential treatment based on membership in a protected class, the defendant's conduct is tested under the "rational basis" standard.  *See* Aulisio v. Chiampi, 765 Fed. Appx. 760, 765 (3d Cir. Mar. 20, 2019).  Rational basis review is a deferential standard, and Plaintiff must "eliminate any reasonably conceivable state of facts that could provide a rational basis" for Defendant's actions.  Newark Cab Assoc. v. City of Newark, 901 F.3d 146, 156 (3d Cir. 2018) (citation to quoted sources omitted); Aulisio, 765 Fed. Appx. at 765 (same).  Plaintiff must allege facts showing "that the adverse treatment he experienced was so unrelated to the achievement of any combination of legitimate purposes that the [C]ourt can only conclude that [Defendant's] actions were irrational."  Aulisio at 765.

       To meet these standards, Plaintiff must allege that Defendant "treated him differently from others similarly situated."  Sattar v. Parker, 790 Fed. Appx. 494, 495 (3d Cir. Jan. 21, 2020) (citation to quoted, binding authority omitted).  The comparator(s) must be shown to be "alike in all relevant aspects."  *Id.* (same).

---

[1] The Complaint alleges that the reckless investigation claim arises under both the Fourth and Fourteenth Amendments.  *See* Doc. 1 at ¶ 48.  Counsel since have conceded that, to the extent the claim at-all is cognizable, it must be brought under the Fourth Amendment.  *See* Doc. 17 at 7 n.3 (citing Geness v. Cox, 902 F.3d. 344, 354 n.5 (3d. Cir. 2018)).

Rather than point to separate and distinct "occasions or circumstances" of unlike treatment,[2] Plaintiff focuses the Court's attention inwardly, and identifies his assailants as appropriate comparators. The distinctions between himself and his assailants, however, are apparent and obvious: Plaintiff is the only participant alleged to have wielded a deadly weapon, and to have used said weapon to lethal effect. The comparators hardly can be described as "alike in all relevant aspects," and the distinctions provide more than a "reasonably conceivable," rational basis for different treatment. *See* standards cited *supra*; *see also, e.g.*, Sattar, 790 Fed. Appx. at 495 (affirming dismissal of a class-of-one claim where the plaintiff, unlike his comparator-neighbor, was found "with a rifle outside his home[,] after [the police] receiv[ed] a call that [he] threatened someone").

Plaintiff has not, and cannot, "eliminate any reasonably conceivable state of facts . . . provid[ing] a rational basis" for different treatment. *See* discussions *supra*. His stated legal theory does the opposite. The infirmities cannot be cured by amendment, and Plaintiff's equal protection claim will be dismissed with prejudice.

For the reasons stated above, Defendant's Motion to Dismiss (**Doc. 10**) is **GRANTED**, and Counts II and V of the Complaint are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

August 2, 2022                                         s\Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] *See* Harvin v. Mahally, 2019 WL 1086356, at *7 (M.D. Pa. Mar. 7, 2019) (citation to quoted and other sources omitted).